MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., #100
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@blgwins.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELINDA JAMES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ANTHONY ALESSI, an individual,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**<br><br>**JURY DEMANDED**<br><br>**(28 U.S.C. § 1332; Diversity of Citizenship)** |

Plaintiff, MELINDA JAMES (hereinafter referred to as "Plaintiff") by and through her counsel of record, Mark J. Bourassa, Esq. of The Bourassa Law Group, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked under 28 U.S.C. § 1332.

2. Venue is proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

3. Plaintiff is a natural person who resides in Nevada.

4. DAVID ALESSI (hereinafter referred to as "Defendant") is a natural person who resides in California.

5. Defendant is a managing member, agent, and alter ego of Alessi and Koenig, LLC

- 1 -

(hereinafter "A&K").

## STATEMENT OF FACTS

6. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 5 inclusive, above.

7. On July 14, 2015, final judgment was entered in Case No. 3:09-cv-00428-LRH-WGC against A&K in favor of Plaintiff (formerly named Melinda Ellis), for the amount of $383,990.07 plus interest for violations of the Fair Debt Collection Practices Act and Civil Racketeering.

8. Following the final judgment, Plaintiff undertook judgment enforcement proceedings.

9. On or about November 24, 2015, Plaintiff reached an agreement with A&K through Defendant regarding the stay of judgment enforcement proceedings (the "Agreement").

10. As part of the Agreement, Defendant promised to give a security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-07), and Suites 102-103 (APN 163-18-819-035) to avoid judgment enforcement against A&K.

11. The Agreement was reduced to a stipulation (the "Stipulation") and filed with the court.

12. Per the terms of the Agreement and Stipulation, Plaintiff would cease judgment enforcement proceedings against A&K in exchange for:

   a. A first priority security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-07), and Suites 102-103 (APN 163-18-819-035);

   b. A promissory note executed by A&K in favor of Plaintiff in the amount of $383,990.07 plus interest; and

   c. Monthly payments by A&K to Plaintiff in the amount of $3,750.00.

13. Subsequently, on December 16, 2015, the court entered an order that Plaintiff be

granted a security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035); that A&K execute a promissory note in favor of Plaintiff in the amount of $383,990.07 plus interest; and that A&K make monthly payments to Plaintiff in the amount of $3,750.00 (the "Order").

14. A&K and Defendant have since failed and refused to comply with the terms of the Agreement, Stipulation and Order.

15. Defendant subsequently has since asserted that he did not have control or the ability to grant a security interest in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035).

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

16. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 15 above, as if fully set forth herein.

17. Defendant is in breach of the Agreement and Stipulation.

18. Specifically, Defendant's breaches of the Agreement and Stipulation include, but are not limited to:

   a. A failure and/or refusal to grant a security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035;

   b. Breaches of the express terms of the Agreement and Stipulation;

   c. Breaches of the implied covenant of good faith and fair dealing, as alleged herein.

19. As a result of the breaches of the Agreement and Stipulation by Defendant, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand U.S. Dollars ($75,000.00), to be shown specifically at the time of trial, together with prejudgment interest at the rate allowed by law.

20.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor, as provided at law and by the express terms of the Agreement and Stipulation.

**SECOND CLAIM FOR RELIEF**
**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

21.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

22.     Within the State of Nevada, a duty of good faith and fair dealing is presumed within all contracts, including in the Agreement and Stipulation.  As such, Defendant had a duty to refrain form doing anything which would render the performance of the contract impossible by any act of his own, and also the duty to do everything the contract presupposes that each party will do to accomplish its purpose.

23.     The conduct of Defendant constitutes a breach of the implied covenant of good faith and fair dealing as a component of Agreement and Stipulation.  Specifically, these breaches of the implied covenant of good faith and fair dealing as a component of Agreement and Stipulation, include, but are not limited to, the following:

   a. A failure and/or refusal to grant a security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035;

   b. Representing that Defendant had the ability and authority to grant a security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035;

   c. Breaches of the express terms of the Agreement and Stipulation;

   d. Breaches of the implied covenant of good faith and fair dealing, as alleged herein.

24.     The aforementioned conduct of Defendant constitutes a breach of the implied

covenant of good faith and fair dealing.

25. As a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand U.S. Dollars ($75,000.00), to be shown specifically at the time of trial, together with prejudgment interest at the rate allowed by law.

26. It has been necessary for Plaintiff to retain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF
### FRAUD IN THE INDUCEMENT

27. Plaintiff repeats, realleges, incorporates by reference paragraphs 1 through 26, inclusive as though fully set forth herein.

28. Defendant made false representations to Plaintiff in that he represented and assured Plaintiff that he would grant a security interest in the form of a deed of trust in certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035) to Plaintiff.

29. Defendant knew or should have known the representations were false.

30. The false representations were made with the intent to defraud Plaintiff, that is, to induce Plaintiff to rely upon them, to act or refrain from acting in reliance upon them and to induce Plaintiff to enter into the Agreement and Stipulation under false pretenses as to avoid judgment enforcement against A&K.

31. Plaintiff justifiably relied on the false representations.

32. As a direct and proximate result of the misrepresentations, Plaintiff has suffered and will suffer general and consequential damages in excess of Seventy-Five Thousand Dollars ($75,000), to be shown specifically at the time of trial.

33. The fraudulent inducement by Defendant was committed under circumstances constituting oppression, malice, and/or fraud. Plaintiff is therefore entitled to punitive damages and exemplary damages against Defendant in an amount to be determined by the Court to be reasonable

under the circumstances.

34. It has been necessary for Plaintiff to retain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

### **FOURTH CLAIM FOR RELIEF**
### **FRAUDULENT MISREPRESENTATION**

35. Plaintiff repeats, realleges, incorporates by reference paragraphs 1 through 34, inclusive as though fully set forth herein.

36. Defendant made false representations to Plaintiff in that he represented and assured Plaintiff that he had control of certain parcels of real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-103 (APN 163-18-819-035) and/ or the ability to perform under the Agreement and Stipulation.

37. Defendant knew or should have known the representations were false and intentionally concealed the truth from Plaintiff.

38. The representations were made with the intent to defraud Plaintiff, that is, to induce Plaintiff to rely upon them, to act or refrain from acting in reliance upon them and to induce Plaintiff to enter into the Agreement and Stipulation.

39. Plaintiff was unaware of the falsity of the representations, and therefore acted in reliance of the promises and representations and was justified in doing so.

40. The fraudulent inducement by Defendant was committed under circumstances constituting oppression, malice, and/or fraud. Plaintiff is therefore entitled to punitive damages and exemplary damages against Defendant in an amount to be determined by the Court to be reasonable under the circumstances.

41. As a direct and proximate result of the misrepresentations, Plaintiff has suffered and will suffer general and consequential damages in excess of Seventy-Five Thousand Dollars ($75,000), to be shown specifically at the time of trial.

42. It has been necessary for Plaintiff to retain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

43.     Please take notice the PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court grant the following relief in Plaintiff's favor and that judgment be entered against Defendant for the following:

(1)     General damages as well as special damages in an amount in excess of Seventy-Five Thousand U.S. Dollars ($75,000.00), to be determined at trial;

(2)     For special and/or consequential damages, in an amount to be shown at the time of trial, plus interest thereon;

(3)     For punitive and exemplary damages, to be shown at the time of trial;

(4)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this 27th day of July 2018.

**THE BOURASSA LAW GROUP**

*/s/ Mark J. Bourassa, Esq.*
MARK J BOURASSA, ESQ.
Nevada State Bar No. 7999
2350 W. Charleston Blvd., #100
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@blgwins.com
*Attorneys for Plaintiff*