UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELINDA JAMES,<br><br>Plaintiff,<br>v.<br><br>DAVID ANTHONY ALESSI, et al.,<br><br>Defendant. | Case No. 2:18-cv-01398-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion to Stay (ECF No. 12), filed on November 2, 2018. Plaintiff filed her Response (ECF No. 16) on November 26, 2018. Pursuant to Local Rule 7-2(b), the deadline to file a response was November 16, 2018. Plaintiff's Response (ECF No. 16) is untimely and the Court, therefore, strikes it as such.

## **BACKGROUND**

This matter arises from allegations of breach of contract, breach of the covenant of good faith and fair dealing, fraud in the inducement, and fraudulent misrepresentation. *See Complaint* (ECF No. 1). Plaintiff and Defendant are parties to another case, *Ellis v. Alessi[1]*, Case No.: 3:09-cv-00428-LRH-WGC, in which final judgment was entered in favor of Plaintiff. Plaintiff alleges that she and Defendant entered into an agreement in which Defendant was to provide a security interest in the form of a deed of trust for real property to avoid judgment enforcement against Alessi and Koenig, LLC, a corporation that was a party to the first case of which Defendant Alessi was a managing member. *Complaint* (ECF No. 1), 1-2. In the first case, David Alessi filed a motion to dismiss for lack of individual, personal liability on his behalf. *See Ellis v. Alessi,* Case No.: 3:09-cv-00428-LRH-WGC, (ECF No. 8), 3-5. The court granted Mr. Alessi's motion to dismiss '[o]n stipulation by counsel for plaintiff and counsel for defendant Alessi . . ." *Id.* at ECF

---

[1] Plaintiff was formerly named Melinda Ellis. *See* Complaint (ECF No.1), 2.

No. 52. Defendant's motion to dismiss seeks dismissal of Plaintiff's complaint for "improper claim-splitting" and for failure to state a claim upon which relief can be granted. *See* ECF No. 5. Defendant requests that the Court stay discovery pending a ruling on his motion to dismiss.

## **DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Id.*

The theory of claim splitting bars a party from subsequent, duplicative litigation where the "same controversy" exists. *Fairway Rest. Equip. Contracting, Inc. v. Makino*, 148 F. Supp. 3d 1126, 1128 (D. Nev. 2015) (citing *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D.Cal.2007)). To determine whether a suit is duplicative, courts in the Ninth Circuit will borrow from the test for claim preclusion. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir.2007). Courts examine whether (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits.

*Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). Claim splitting, however, does not require a final judgment on the merits in the prior case. *Single Chip Sys. Corp.,* 495 F.Supp.2d at 1058. Here, the first element is met as the two actions involve the same parties.

In determining whether the actions are similar enough to warrant application of the claim splitting doctrine, court consider four factors as follows: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Adams*, 487 F.3d at 689. The last factor is the most important. *Id.* Although the second action involves new causes of actions and the alleged violations took place seven years apart, it appears that both actions arise from the same nucleus of operative facts as to whether Defendant is personally liable. Therefore, after conducting its "preliminary peek" of Defendant's motion to dismiss, the Court finds that a stay of discovery is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay (ECF No. 12) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall strike Plaintiff's Response (ECF No. 16) from the docket.

Dated this 28th day of November, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE