UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MELINDA ELLIS,

Plaintiff,

v.

ALESSI TRUSTEE CORPORATION;
DAVID ANTHONY ALESSI; and ALESSI
& KOENIG LLC,

Defendants.

Case No. 3:09-cv-00428-LRH-WGC

ORDER

Plaintiff, Melinda James, fka Melinda Ellis, moves this court to consolidate the above captioned action ("*Ellis*") with *James v. Alessi*, 2:18-cv-01398-JAD-GWF ("*James*"). ECF No. 258.[1] David Alessi, the sole defendant in *James* opposed the motion, (ECF No. 259), and plaintiff replied (ECF No. 260).[2] The court now denies plaintiff's motion: consolidation is not warranted because the parties to the actions are not identical, the causes of action arise out of different facts, and the cases are on significantly different time tracks.

I. **BACKGROUND**

This action has an extensive litigation history which the court has reiterated in a number of prior orders; therefore, the court will only detail the most relevant history. On July 14, 2015, after a jury trial, the court entered Judgment against defendants Alessi Trustee Corporation ("ATC")

---

[1] For clarity's sake, this Order refers to the ECF document numbers in *Ellis*, Case No. 3:09-cv-00428-LRH-WGC, unless otherwise noted.

[2] In *James*, 2:18-cv-01398-JAD-GWF, plaintiff's motion is ECF No. 19, Alessi's opposition is ECF No. 20, and plaintiff's reply is ECF No. 21. The court's ruling herein applies equally to both motions.

1

and Alessi & Koenig LLC ("A&K") in the amount of $381,091.04 plus post-judgment interest. ECF No. 218. However, the parties then reached an agreement staying the judgment and stipulating that plaintiff would refrain from enforcing the judgment in exchange for the defendants (1) executing a promissory note in favor of plaintiff, secured with a deed of trust against an identified real property, and (2) making monthly payments towards the promissory note. ECF Nos. 230, 235. Following the stipulation, defendants only made three payments to plaintiff and failed to grant plaintiff the stipulated security interest in the real property as required. ECF No. 256.

In response, plaintiff filed a motion for an order to show cause (ECF No. 236) which the court granted (ECF No. 245). A&K failed to respond and filed for bankruptcy on December 13, 2016. ECF No. 256. On August 22, 2017, plaintiff filed a motion for a status check as no further action had been taken by either defendant ATC or A&K, and defendant A&K was still involved in bankruptcy proceedings. ECF No. 248. The court granted plaintiff's motion and ordered defendants to respond within 10 days as to why they should not be held in contempt of court for violation of the court's order. ECF No. 250. On September 25, 2017, dismissed defendant David Anthony Alessi ("Alessi") filed a response to the court's order (ECF No. 252) to which plaintiff responded (ECF No. 255). On September 7, 2018, the court determined that given that ATC and A&K had failed to respond to the court for over 2 years, and failed to comply with the terms of the stipulated stay of judgment, the most appropriate course of action was to vacate the stipulated stay and allow plaintiff to proceed in enforcing the judgment against both ATC and A&K. ECF No. 256.

On July 27, 2018, plaintiff filed a new action with the court, *James*, alleging breach of contract, breach of covenant of good faith and fair dealing, fraud in the inducement, and fraudulent misrepresentation against Alessi personally regarding the above stipulation. *James*, ECF No. 1. Alessi filed a motion to dismiss on August 31, 2018, and discovery was stayed pending resolution of the motion. *James*, ECF Nos. 5, 17. While the motion to dismiss was pending, plaintiff filed a motion to consolidate *James* with the above captioned case. ECF No. 258; *James*, ECF No. 19. Subsequently, Judge Dorsey granted in part and denied in part Alessi's motion to dismiss on May 24, 2019. *James*, ECF No. 24. Accordingly, plaintiff amended her complaint (*James*, ECF

No. 25), and Alessi answered (*James*, ECF No. 26). Discovery is currently pending in *James*, and due to end December 20, 2019. *James*, ECF No. 29. Other than the pending motion for consolidation, nothing further is pending in *Ellis*.

**II. DISCUSSION**

Federal Rule of Civil Procedure 42 allows a court to consolidate two or more actions that involve a common question of law or fact. FED. R. CIV. P. 42(a). A court has broad discretion under Rule 42 when determining whether to consolidate actions pending in the same district: the court may consolidate on a motion by a party or it may do so *sua sponte*. *See* LR 42-1; *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In determining if consolidation is proper, "[t]he court should weigh the time and effort that consolidation would save against any inconvenience, delay, or expense it would cause" as well as the specific risks of prejudice and confusion. *Narvaes v. EMC Mortg. Corp.*, No. CIV 07-00621 HG-LEK, 2009 WL 1269733, at *2 (D. Haw. May 1, 2009) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) and *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).

First, Alessi argues that he will be unfairly prejudiced because at the time the motion to consolidate was filed a fully briefed motion to dismiss, which Alessi argued would dismiss *James* in its entirety, was already before Judge Dorsey. The court need not address such arguments as prior to this order, Judge Dorsey granted in part and denied in part Alessi's motion to dismiss. However, the court is still not persuaded by plaintiff's arguments that consolidation of the two at issue cases will avoid 'substantial duplicative labor,' that judicial economy will be served, and that there are common questions of fact in both.

In ruling on Alessi's motion to dismiss in *James*, Judge Dorsey found that *James* was not duplicative of *Ellis*. The two cases did not involve identical parties—Alessi, the sole defendant in *James* was not a defendant in *Ellis* as he was dismissed from the case prior to trial. The cases involve their "own unique facts"— even though *James* evolved out of *Ellis*. Further, Judge Dorsey found that because Alessi was not a party to *Ellis*, after the automatic A&K bankruptcy stay is lifted, plaintiff will not be able to collect the *Ellis* judgment from Alessi personally. Therefore, a ruling in *Ellis* will have no bearing on *James*.

1 The court agrees with Judge Dorsey and finds that consolidation is not warranted for the same reasons the two actions are not duplicative. Further, judicial economy and efficiency will not be served by consolidating because the actions are on significantly different time tracks: *Ellis* is at its end with only the enforcement of judgment left. Conversely, *James* has yet to complete discovery.

Good cause appearing, IT IS THEREFORE ORDERED that plaintiff's motion to consolidate (ECF No. 258) is **DENIED.** The Clerk of Court is ORDERED to apply this ruling to plaintiff's motion to consolidate filed in *James v. Alessi*, 2:18-cv-01398-JAD-GWF (ECF No. 19).

IT IS SO ORDERED.

DATED this 9th day of September, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE