UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELINDA JAMES, an individual, | Case No. 2:18-cv-01398-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID ANTHONY ALESSI, an individual | |
| Defendant. | |

Before the Court is Defendant's Motion for Protective Order to Limit Production of David Anthony Alessi's Personal Financial Information (ECF No. 38). The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 40), and Defendant's Reply (ECF No. 41). The Court finds as follows.

**I.  FACTS AND BACKGROUND**

   A.  Underlying History.

The history of this dispute goes back to a lawsuit filed in 2009, Case No. 3:09-cv-428-LRH-WGC (the "2009 Case"), in which current Plaintiff (then, Melinda Ellis) and then-defendant, Alessi & Koenig, LLC, filed a Stipulation Regarding Judgment Enforcement (the "Stipulation"), entered by District Judge Larry R. Hicks on December 16, 2015. In the Stipulation, the 2009 Case parties agreed, *inter alia*, that Plaintiff would refrain from further judgment enforcement proceedings in exchange for which defendant Alessi & Koenig would execute a promissory in favor of Plaintiff and her counsel in the amount of $383,990.07, plus interest. Defendant Alessi & Koenig would also grant Plaintiff a "first priority security interest in the form of a deed of trust against certain real property identified as 9512 West Flamingo Road, Suite 100 (APN 163-18-819-016), Suite 101 (APN 163-18-819-017), and Suites 102-03 (APN 163-18-819-035)."[1]  2009 Case, ECF No. 235.

On September 7, 2018, the Court entered an Order in the 2009 Case (ECF No. 256) providing the history of the dispute and explaining that, after a jury trial in which Plaintiff prevailed, Plaintiff

---
[1] Hereinafter the "Real Property."

1

was awarded $233,000 in damages against Alessi & Koenig (as well as the Alessi Trustee Corporation, "ATC"), and $145,000 in attorney's fees and costs. *Id*. The Stipulation, which followed the jury trial, bound Alessi & Koenig; however, Alessi & Koenig made only three payments pursuant to the terms of the Stipulation and did not grant the first priority security interest in the Real Property identified therein. *Id*. In fact, Alessi & Koenig stated to Plaintiff on more than one occasion that it would not be granting the security interest promised despite the contrary representation made to the Court in the Stipulation. *Id*. Moreover, rather than explain why it was not complying with the Stipulation, Alessi & Koenig filed for bankruptcy on December 13, 2016. *Id*.

On September 14, 2017, the Court entered an Order to Show Cause (2009 Case, ECF No. 250) regarding Alessi & Koenig's non-compliance with the order granting the Stipulation. Specifically, the September 14, 2017 Order explained that, despite the defendants' bankruptcy filing, defendants were not subject to the automatic stay. *Id.* The Court then ordered defendants to submit a status report regarding why the defendants should not be held in contempt of Court within ten days. *Id.*

Of interest in the instant case is a statement made by the Court in its Order entered approximately one year later, which is as follows:

> [t]he evidence in this action establishes that Ellis [now James] entered into the stipulated stay of her enforcement of the judgment with the expressed expectation that the first deed of trust on the identified properties could be recorded and that A[lessi] & K[oenig], *through [David A.] Alessi*, had full power to comply with the negotiated stay of judgment. Therefore, based on the above record and the other evidence and documents submitted to the court, the court finds good cause exists to vacate the stipulated stay approved by the court (ECF No. 235) and lift the stay of judgment entered in this case.

2009 Case, ECF No. 256 (emphasis added). The Order also explained that David A. Alessi is the owner of ATC and the managing and founding partner of Alessi & Koenig. *Id.* And, the Court vacated the stipulation to stay judgment. *Id.*

B. The Current Litigation.

The instant litigation commenced against David A. Alessi on July 27, 2018. ECF No. 1. Defendant Alessi brought a Motion to Dismiss, which was granted in part and denied in part (ECF No. 24). An Amended Complaint was filed on June 4, 2019 (ECF No. 25), and the instant Motion

for Protective Order was filed on December 11, 2019. As stated by Plaintiff in her Amended Complaint and Opposition to Defendant's Motion for Protective Order, at the time the Real Property was agreed to as security for the judgment in the 2009 Case, Defendant Alessi either knew or should have known that the Real Property identified in the Stipulation was owned by Profondo, LLC ("Profondo") as Defendant Alessi was a member of the LLC with a "98% interest in the company." ECF No. 40 *citing* Defendant's Responses to Plaintiff's First Set of Requests for Admissions, Request No. 4. The remaining two percent ("2%") of Profondo was owned by Defendant's sister Debi Pike. ECF No. 40 at 2.

At the Fed. R. Civ. P. 30(b)(6) deposition of Profondo, Defendant Alessi appeared without counsel, as he is an attorney, and testified that he's "done quite a few depositions … and decided to do the deposition without counsel." ECF No. 40 at 34 (partial transcript of the 30(b)(6) deposition). When asked who kept the books for Profondo, Defendant Alessi stated he did not recall. *Id*. at 35. Defendant Alessi further stated he had no copies of lease agreements, no records of maintenance on the pledged Real Property, no records of operating expenses, no records pertaining to the original purchase of the Real Property, and the only record he had with respect to the sale of the Real Property was an exhibit marked as 1 to the deposition. *Id*. at 36. Importantly, Defendant Alessi also testified that he did not know how the proceeds of the sale of the Real Property were distributed. *Id*. at 36-37. Defendant Alessi professed that the proceeds of the sale of the property would not have been written in check form to him, but to Profondo (*id*. at 37), and, with respect to the final wind-down of Profondo, he could not recall how residual assets were distributed. *Id.* When asked: "So you don't know where the money went?" Defendant Alessi responded: "Pursuant to our tax return and the operating agreement, but I don't recall specifically, no." *Id*. When asked if he generally recalled where the residual assets of Profondo went, Defendant Alessi explained that he had not reviewed the operating agreement for Profondo recently, went on to discuss the operating agreement, the percentage ownership of Profondo, and deferred to his counsel with respect to whether the operating agreement for Profondo would be produced. *Id*. at 38. Defendant Alessi did not answer the question.

Plaintiff now seeks production of all documents relating to the sale of the Real Property from Fidelity National Title Agency, and Defendant Alessi's personal financial account information for

checking, savings, brokerage, bank loans, mortgages, and other financial accounts at Wells Fargo, Nevada State Bank, and JP Morgan Chase Bank for the time period November 1, 2015 to November 1, 2019. ECF No. 39, Exs. 1-4. Defendant objects to these subpoenas stating that Defendant's personal financial information is not relevant to Plaintiff's claims because the information sought cannot possibly lead to the discovery of admissible evidence. Citing *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605 (D.C.C. 1969), Defendant argues the "intensely private nature" of the information Plaintiff seeks, that Plaintiff did not plead a claim that places Defendant's personal financial records or the sale of the Real Property at issue, and that Plaintiff's punitive damages request is insufficient to justify the discovery she seeks. ECF No. 38 at 4-6.

Plaintiff argues Defendant, who has the burden of establishing good cause for a protective order, fails to do so. Plaintiff states that the "heart of this matter" is the sale of the Real Property that was promised in the 2009 Case as security for a judgment. ECF No. 40 at 4. Plaintiff states that Defendant, who was 98% owner of the Real Property through Profondo, and who was the owner of ATC and the managing and founding partner of Alessi & Koenig when the Real Property was identified and provided as security for the Stipulation, knew he could not encumber the Real Property. *Id*. Plaintiff states she has attempted to obtain the information she now seeks through other sources, including through the deposition of Defendant as the Fed. R. Civ. P. 30(b)(6) deponent for Profondo, and that Defendant has placed his "ownership, control, and/or ability to grant a security interest in the" Real Property at issue in this dispute. *Id*. at 4-5.

**II.  DISCUSSION**

    A.    <u>The Law</u>.

Federal Rule of Civil Procedure 26(c) governs protective orders. The Rule states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause may be demonstrated, and a protective order justified, when "one of Rule 26(c)(1)'s enumerated harms . . . [is] illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Frias Holding Company v. Greenberg Traurig, LLP*, Case No. 2:11-cv-160-GMN-VCF, 2015 WL 4622591, at *2 (D. Nev. Aug. 3, 2015) (citations and internal

4

quote marks omitted). The showing required by a moving party "is akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Id. citing Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 475 (9th Cir.1992) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir.1986)). The Court has "broad discretion to enter a protective order." *Id.* at *2 (citation omitted).

As stated in *Smith v. Wal-Mart Stores, Inc.*, Case No. 2:13-cv-1597-MMD-VCF, 2014 WL 2770691, at *2 (D. Nev. June 17, 2014):

> For each particular document the movant seeks to protect, the movant must show that specific prejudice or harm will result if no protective order is granted. *Phillips v. Gen. Motors,* 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also Cipollone,* 785 F.2d at 1121. ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples"). "[C]onclusory or speculative statements about the need for a protective order" is insufficient. *U.S. Equal Emp't Opportunity Comm'n [v. Caesers Entm't, Inc.],* 237 F.R.D. [428,] 432 [D. Nev. 2006] (citing *Frideres v. Schlitz,* 150 F.R.D. 153, 156 (S.D. Iowa 1993)). A mere showing that the discovery may involve some inconvenience or expense does not establish good cause. *Turner Broad. Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997). The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir.2002) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 38 (1984)).

When deciding whether to restrict discovery, the Court may "consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, . . . taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Brown v. Cox Communications, Inc.*, Case No. CV-S-04-0383-LDG-PAL, 2005 WL 8161656, at *3 (D. Nev. Apr. 18, 2005) (citations omitted).

The court in *Fosbre v. Las Vegas Sands Corp.*, Case No. 2;10-cv-01210-APG-GWF, 2016 WL 54202 (D. Nev. Jan. 5, 2016), did a thorough analysis of when discovery of a party's financial condition may be obtained citing numerous cases in the process. *Id*. at *4, *citing Wynn Las Vegas v. Zoggolis*, 2014 WL 2772241, at *4-5 (D. Nev. June 17, 2014); *Pacific Coast Steel v. Leany*, 2011 WL 4572008 (D. Nev. Sept. 30, 2011); *Dawe v. Corrections, USA*, 2008 WL 1849802, at *5-9 (E.D. Cal. Apr. 23, 2008); and *iSmart International Ltd. v. I-Docsecure, LLC*, 2006 WL 2263910, at *2-3

1  (N.D. Cal. Aug. 8, 2006). The court explained that "[w]here inquiry into a party's financial condition is of only marginal relevance and based on speculative assertions, however, the court may in its discretion deny such discovery." *Id. citing Brady v. Conseco, Inc.*, 2009 WL 5218046, at *2 (N.D. Cal. Dec. 29, 2009); *Sarbacher v. Americold Realty Trust*, 2011 WL 2470681, at *3 (D. Id. June 20, 2011).

The Court does its analysis below with the guidance of all these cases in mind.

B. <u>Defendant's Blanket Assertion of Privacy, And The Supposed Simplicity Of The Case Against Him, Does Not Establish Good Cause</u>.

Defendant's primary good cause argument appears to be that this case is "simple" and based on "breach of contract in which Alessi is not a party." ECF No. 41 at 2. This is a distortion of the causes of action that survive post-Defendant's Motion to Dismiss. Plaintiff's Amended Complaint pleads not only breach of contract, but also breach of good faith and fair dealing, fraud in the inducement, and fraudulent misrepresentation all against Defendant Alessi. Contrary to Defendant's position, key to the case at bar is the sale of the Real Property and the distribution of proceeds from that sale, which Defendant, as owner and found partner respectively for the then-defendants (2009 Case, ECF No. 256), represented in 2009 could be encumbered in favor of Plaintiff. *Id.* Defendant now says he cannot fully remember what happened to the proceeds from the sale. It is entirely possible, and reasonable, given the history of representations by Defendant in the 2009 Case, as well as Defendant's deposition in the instant case as the 30(b)(6) witness for Profondo at which time Defendant's memory was lacking, that Defendant's personal financial information and documentation regarding the sale of the Real Property in the possession of Fidelity National Title Agency of Nevada will shed significant factual light on the claims alleged. These documents, together with the bank records Plaintiff seeks, may well provide what Defendant knew about the Real Property, when he knew facts that are directly relevant to ownership and the sale of the Real Property, and what happened to the proceeds from the sale.

Defendant's generalized statement of a privacy interest in the financial information sought (never addressing the information and documentation held by Fidelity National Title Agency of Nevada) is not sufficient, even when coupled with Defendant's attempt to supposedly simplify the

6

pending action against him, to meet the requirements of "good cause" discussed above. Defendant has not established specific prejudice or harm. Defendant has offered no particular facts, as opposed to the stereotypical assertion of privacy, to support the granting of his motion for protective order. Defendant has also provided the Court with no law that supports a finding that some privilege attaches to the documents sought.

With respect to the reference to punitive damages, a very recent Eastern District of California decision provides guidance. In *Atayde v. Napa State Hospital*, Case No. 1:16-cv-00398-DAD-SAB, 2020 WL 605868, at *2 (E.D. Cal. Feb.7, 2020), the court explained that the plaintiff in that case argued "financial information is relevant to the claim for punitive damages, and discoverable at this stage of the proceedings even without a *prima facie* showing that punitive damages may be recovered." The court then listed numerous cases agreeing with plaintiff's position. *Id*. at *3 (citation omitted). Thereafter, the court concluded that while it had not done "an *exhaustive* search," the court could find no Ninth Circuit case requiring a *prima facie* showing of punitive damages before financial information discovery was permitted. *Id*. at *4 (emphasis in original). The court concluded by stating there was "no compelling reason to deviate from the majority approach here and thus finds the requested financial information is relevant to the claim for punitive damages and discoverable without a *prima facie* showing by Plaintiff. Unlike … [a distinguishable case], there is no confluence of factors that have been brought to the Court's attention that counsel against granting the requested discovery, … outside of the preliminary determination of relevance under the majority rule." *Id*. at *5.

The Court in this case finds the same analysis applicable. Plaintiff seeks discovery, *inter alia*, in support of her potential award of punitive damages, which is far more than mere speculation in this case. Defendant, in contrast, has not provided a confluence of facts that would militate against the discovery Plaintiff seeks, other than his privacy concern. While the Court does not believe Defendant's privacy this concern should be ignored, this can be easily addressed, as discussed below, through a stipulated protective agreement.

C. The Financial Information Sought is Relevant and Proportional to the Case.

In this case, as in *Fosbre* and *Makransky v. David Doto*, Case No. 2:16-cv-00563-JCM-CWH, 2016 WL 11607163 (D. Nev. Dec. 22. 2016), the Court finds Defendant's financial condition is relevant to the claims and defenses asserted, and the discovery requested is proportional to the needs of the case. Having determined the information is relevant and proportional, the Court further finds that Defendant's privacy can be protected through a stipulated protective agreement that allows the documents and information produced to be used solely for the purposes of this litigation with the filing of certain financial information, if any, to be done under seal.

Plaintiff has pleaded a number of plausible claims against Defendant based on unrefuted facts established in the 2009 Case, as well as based on Defendant's testimony discussed above. Specifically, Plaintiff asserts breach of contract and breach of good faith and fair dealing claims, as well as fraud in the inducement, and fraudulent misrepresentation in her Amended Complaint. ECF No. 25. Defendant, the 98% owner of Profondo, professes to have no recollection of how residual assets of the entity were distributed despite the sale of the Real Property that yielded a substantial payment. Defendant, who may have avoided Plaintiff's subpoena requests through testimony and production of reasonably reliable documents, has provided neither to date. There is also information before the Court confirming that Defendant was the manager, owner, or primary owner of companies, Profondo, ATC, and Alessi & Koenig. Defendant made commitments and representations to the Court, and to Plaintiff, upon which Plaintiff and the Court clearly relied, that were either never true or substantially carelessly presented.

Plaintiff is not required to provide, and the Court is not required to find, that the claims raised are valid, but only that the information sought is not "out of proportion to the needs of the case." *Fosbre*, 2016 WL 11607163 at *5. While Defendant's financial information is not absolutely necessary to prove the claims made, the timing of the distribution of proceeds from the sale of the Real Property, as well as information in the possession of Fidelity National Title Agency of Nevada, is reasonably calculated to locate relevant information. The Court therefore concludes that

Defendant's financial information, as requested by Plaintiff, is relevant to the issues that are placed before the Court to justify production pursuant to a stipulated protective order regarding the use of such information.

**III. CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Protective Order to Limit Production of David Anthony Alessi's Personal Financial Information (ECF No. 38) is DENIED.

IT IS FURTHER ORDERED that the parties shall submit a stipulated protective order regarding the use and further disclosure of the content of the information gathered in response to the pending subpoenas within ten days of the date of this Order.

DATED: April 14, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE