# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Melinda James,

    Plaintiff

v.

David Anthony Alessi,

    Defendant

Case No.: 2:18-cv-01398-JAD-EJY

**Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment**

[ECF Nos. 32, 42]

    In 2015, a jury trial presided over by U.S. District Judge Larry R. Hicks resulted in a judgment in favor of Melinda James (née Ellis) and against the Alessi & Koenig law firm (A&K) and related-entity Alessi Trustee Corporation (ATC). The parties stipulated to stay the judgment pending the defendants' appeal and, in exchange, James would receive a deed of trust on a parcel of commercial real estate. But James never received this deed because, as it was later revealed, neither defendant had any interest in the real property.

    James eventually initiated this separate action against David Anthony Alessi, bringing state-law contract and tort claims, largely asserting that Alessi promised and failed to provide her the security interest in the property. Both parties now move for summary judgment on all claims.[1] I grant James's motion for summary judgment with respect to her fraud-based claims because her evidence regarding Alessi's misrepresentations do not contradict the express terms of the agreement and Alessi has not raised a genuine dispute of material fact that would preclude summary judgment. But I only partially grant James's motion with respect to her breach-of-

---

[1] ECF Nos. 32 (Alessi's motion for summary judgment), 42 (James's motion for summary judgment).

contract claim because genuine disputes of material fact remain as to whether a valid contract exists between the parties and whether Alessi breached that contract by failing to provide James the deed of trust. Because I find that, based on the record before me, a reasonable jury could decide that question either way, this claim must proceed to trial. I also deny James's motion with respect to her claim for breach of the implied covenant of good faith and fair dealing, which hinges on her breach-of-contract claim. I deny Alessi's motion in its entirety.

## Background

This case began with a different dispute between James and Alessi.[2] In 2009, James sued Alessi,[3] A&K, and ATC for violations of the Fair Debt Collection Practices Act and Nevada's anti-racketeering law for their attempts to collect on her delinquent Homeowners' Association assessments.[4] James prevailed at trial and a jury awarded her roughly $380,000 in damages.[5] Defendants appealed the verdict but failed to post the bond necessary to stay enforcement of the judgment pending appeal.[6]

Instead of pursuing judgment, James negotiated a separate deal with the defendants.[7] In exchange for James not seeking judgment against A&K, A&K would "execute a promissory note" and "make monthly payments" to James for the full amount of the award.[8] The agreement also provided that James would "be granted a first priority security interest in the form of a deed

---

[2] ECF No. 33 at 10; Case No. 3:09-cv-00428 (ECF Nos. 1, 8).

[3] Early in the litigation, the parties stipulated to dismiss Alessi in his personal capacity. Case No. 3:09-cv-00428 (ECF No. 256).

[4] ECF No. 32 (citing Case No. 3:09-cv-00428 (ECF No. 256)); ECF No. 33 at 15.

[5] ECF No. 8 at 2 n.1; Case No. 3:09-cv-00428 (ECF Nos. 52, 218).

[6] ECF No. 42 at 37; Case No. 3:09-cv-00428 (ECF Nos. 52, 218, 256).

[7] ECF No. 47 at 43–44.

[8] *Id.*; *id.* at 4–6; ECF No. 33 at 5–6; ECF No. 42 at 24–27.

of trust" against commercial property located at 9512 West Flamingo Road in Las Vegas.[9] David Alessi, A&K, and ATC were listed as parties to the agreement under the defined term "Defendants," and their attorney, Steve Loizzi, signed on their behalf.[10]  The parties memorialized their agreement as a stipulation regarding judgment enforcement, which Judge Hicks approved, entering a stay of judgment.[11]

While James upheld her end of the bargain,[12] A&K, ATC, and Alessi failed to provide her the promised security interest in 9512 West Flamingo Road and made only two of the required monthly payments.[13]  And, not long after the court entered the stipulation, A&K filed for bankruptcy.[14]  Due to A&K's failure to abide by the stipulation, Judge Hicks vacated his prior order and lifted the stay.[15]  James then filed this suit against Alessi, asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement to contract, and fraudulent misrepresentation, largely stemming from Alessi's alleged promise and failure to provide her the security interest in 9512 West Flamingo Road.[16]

The parties dispute certain aspects of the agreement, the negotiations, and the alleged breach.[17]  James maintains that Alessi personally offered to pledge 9512 West Flamingo Road in

---

[9] ECF No. 47 at 5; ECF No. 33 at 5; ECF No. 42 at 25.
[10] ECF No. 42 at 24–27.
[11] *Id.* at 32; Case No. 3:09-cv-00428 (ECF No. 235).
[12] This fact is undisputed by the parties.
[13] ECF No. 42 at 39.  Alessi asserts that three payments were made, citing the complaint.  *See* ECF No. 32 at 15 (citing ECF No. 25).
[14] *Id.* at 63.
[15] Case No. 3:09-cv-00428 (ECF No. 256).
[16] ECF Nos. 1, 25.
[17] ECF Nos. 32, 42.

exchange for a stay of judgment against his law firm, where he was a managing member.[18] Alessi asserts that he is not a party to the agreement and did not have the power to pledge the property, which was owned by Profondo, LLC.[19] And he claims that James's fraud claims are precluded as a matter of law by the express terms of the parties' agreement.[20] Both parties move for summary judgment on all four of James's claims, and James moves for summary judgment on Alessi's affirmative defenses.[21] Because both sets of briefing raise largely overlapping issues, I consolidate the arguments and address each claim (rather than each motion) in turn.

## Discussion

### A.   Standards for cross-motions for summary judgment

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[22] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[23] If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[24] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the

---

[18] ECF No. 42 at 7–10.
[19] ECF No. 32 at 5–9; *see also* ECF No. 42 at 31 (Ex. 2 (Alessi's RFAs); ECF No. 42 at 37.
[20] ECF No. 32 at 10–13.
[21] ECF Nos. 32, 42.
[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[23] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).
[24] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[25]

## B. Breach of contract

While I grant summary judgment for James on the issue of whether Alessi is a party to the contract, neither party is entitled to summary judgment on the validity of the contract. Alessi argues that he is not a party to the stipulated agreement and, even if he were a party, the contract did not and could not require him to perform in exchange for bargained-for consideration.[26] Alessi also asserts that Judge Hicks rescinded the agreement when he vacated his order, effectively mooting James's claims.[27] James disagrees, noting that Alessi is listed as a party to the agreement and that only Alessi can perform certain obligations.[28] While I hold that Alessi is a party to the agreement and that Judge Hicks's order does not preclude James's recovery, the record before me does not resolve whether the contract obligated Alessi to deliver the deed and whether he breached the contract by failing to do so.

To prevail on a breach-of-contract claim under Nevada law, the plaintiff must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.[29] Generally, a contract is valid and enforceable if there has been an "offer and acceptance, meeting of the minds, and consideration."[30] "[I]ssues of contractual construction, in the absence of ambiguity or other factual complexities, present questions of law for the courts

---

[25] *Tulalip Tribes of Wash. v. Wash.*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two,* 249 F.3d 1132, 1134 (9th Cir. 2001)).

[26] ECF No. 32 at 5–9.

[27] *Id.* at 13–14.

[28] ECF No. 42 at 7–10.

[29] *Richardson v. Jones*, 1 Nev. 405 (1865).

[30] *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

5

and are suitable for determination by summary judgment."[31]  "It has long been the policy in Nevada that[,] absent some countervailing reason, contracts will be construed from the written language and enforced as written."[32]

    **1.    Alessi is a party to the agreement.**

Alessi is a party to the agreement under its explicit, unambiguous terms.[33]  Alessi is among the named parties who "hereby stipulate and agree" to the contract under the defined term "Defendants."[34]  While Alessi tries to claim that Loizzi only signed on behalf of A&K because the contract reads "Alessi & Koenig, LLC" above Loizzi's signature,[35] this is a tortured reading. The signature block notes that Loizzi is an "attorney[] for Defendants," a capitalized term that the agreement defines to include Alessi.[36]  And the phrase "Alessi & Koenig, LLC" above Loizzi's name clearly refers to the firm that employs Loizzi—otherwise, James's attorney Mark Bourassa would have signed on behalf of "The Bourassa Law Group, LLC" and not James. Because the contract language clearly decides this issue, I need not look to Alessi's extrinsic evidence regarding the signing parties' intentions.[37]

---

[31] *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990) (citing *Phillips v. Parker*, 794 P.2d 716 (1990)).

[32] *Ellison*, 797 P.2d at 977.

[33] *See The Power Co. v. Henry*, 321 P.3d 858, 863 (Nev. 2014) ("[W]hen a contract's language is unambiguous, this court will construe and enforce it according to that language.").

[34] *See* ECF No. 33 at 4 ("Defendants Alessi Trustee Corporation, David Anthony Alessi, and Alessi & Koenig, LLC, by and through their respective counsel, hereby stipulate and agree as follows . . . .").

[35] ECF No. 33 at 6.

[36] *See id.* at 4, 6.

[37] *State ex rel. List v. Courtesy Motors*, 590 P.2d 163, 165 (Nev. 1979) ("It is a general rule that parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict . . . written instruments . . . which are valid, complete, unambiguous, and unaffected by accident or mistake.").

6

### 2. James's claims were not mooted when Judge Hicks vacated the stay.

Judge Hicks's order vacating the stipulation did not amount to a rescission of the contract. As I stated in my prior order on Alessi's motion to dismiss, Judge Hicks's order does not declare the agreement void *ab initio*.[38] Instead, Judge Hicks found that the defendants failed to comply with the stipulation and vacated his order to lift the stay of judgment and allow James to execute on it.[39] But that decision has no effect on whether Alessi violated the stipulation while it was still in effect. Alessi presents no facts, in either his motion or his opposition to James's motion, persuading me otherwise.

### 3. There are genuine disputes of fact concerning the contract's validity.

Genuine disputes of material fact remain as to whether a valid contract exists between James and Alessi, and whether Alessi breached that agreement by failing to provide the security interest in 9512 West Flamingo Road. "It is a general rule that parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict . . . written instruments . . . which are valid, complete, unambiguous, and unaffected by accident or mistake."[40] But where a contract is ambiguous, "parole evidence is admissible for the purpose of ascertaining the true intentions and agreements of the parties."[41] While the stipulation specifies that A&K was required to issue James a promissory note and make monthly payments against it, the agreement is silent about

---

[38] *See* ECF No. 24 at 8 (citing *Bergstrom v. Estate of DeVoe*, 854 P.2d 860, 862 (Nev. 1993))("Rescission is an equitable remedy [that] totally abrogates a contract and [that] seeks to place the parties in the position they occupied prior to executing the contract . . . . Because a rescinded contract is void *ab initio*, following a lawful rescission the 'injured' party is precluded from recovering damages for breach just as though the contract had never been entered into by the parties.").

[39] Case No. 3:09-cv-00428 (ECF No. 256 at 4).

[40] *State ex rel. List v. Courtesy Motors*, 590 P.2d 163, 165 (Nev. 1979).

[41] *Id.*

who was required to convey a deed of trust to James for 9512 West Flamingo Road. James claims that Alessi's company owned the property and that Alessi had promised the property in exchange for the stay.[42] Alessi asserts that he could not promise 9512 West Flamingo Road because he did not own it.[43]

The record before me does not resolve whether Alessi was obligated to provide the security interest in 9512 West Flamingo and whether he breached the agreement by failing to do so. When the parties stipulated to the stay of judgment, Profondo owned the property.[44] Alessi and his sister, Debi Pike, are members of Profondo[45]—Alessi has a 98% stake in the company and Pike has the other 2%.[46] In asserting that he could not personally pledge the property to James, Alessi submits evidence of Profondo's amended operating agreement, which states that Pike is the "manager of the company," authorized to "encumber any property owned by the company," as well as "purchase and manage real property."[47] Alessi also provides the affidavit of his counsel, who states that the parties "discussed that A&K would obtain agreement from a third[-]party entity to pledge property to secure the A&K note."[48] Alessi thus maintains that he could not pledge the property under the terms of the stipulation because it was conditioned on the actions of a third party. But Alessi neither provides evidence that Pike is the only member who

---

[42] ECF No. 42 7–10.

[43] ECF No. 36 at 4–5.

[44] ECF Nos. 42 at 37; 33 at 47–49.

[45] ECF No. 42 at 30, 50.

[46] *Id.* at 58, 82, 102 (Pike asserts that she has a 3% stake and Alessi a 97% stake, but the amended operating agreement contradicts her testimony).

[47] *See* ECF Nos. 47 at 47–48; 33 at 53 (letter from Ryan Kerbow, purporting to interpret the amended operating agreement); *see also* ECF No. 42 at 58–59.

[48] ECF No. 33 at 44.

can encumber Profondo-owned property nor evidence that she refused to promise the property under the terms of the stipulation.

For her part, James marshals considerable evidence that Alessi is the de facto manager of Profondo and therefore empowered to issue the deed of trust himself. She submits the Secretary of State filings made on Profondo's behalf, signed by Alessi;[49] evidence that Alessi funneled money from Profondo's accounts to his other businesses;[50] and uncontroverted evidence that profits from the sale of 9512 West Flamingo Road went directly to Alessi's personal bank accounts.[51] She also demonstrates that Pike has little knowledge about Profondo's operations or financials.[52] But while James's facts are compelling, they do not establish, as a matter of law, that Alessi could provide the deed of trust and that he breached the agreement by failing to do so. Summary judgment is thus inappropriate on this issue because neither party has resolved whether a valid contract exists between the parties and whether Alessi breached that contract by failing to deliver the security interest for 9512 West Flamingo Road.

**C.     The implied covenant of good faith and fair dealing**

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."[53] "When one party performs a contract in a manner that is unfaithful to the purposes of the contract and the justified expectations of the other party are thus

---

[49] ECF No. 42 at 61.

[50] ECF No. 58, Exs. 2, 5.

[51] *Id.*, Exs. 1, 2.

[52] ECF No. 42 at 83–85, 91 (Q: "Who managed the financials of Profondo?" A: I don't — I don't know."); 96 (Q: "Is Profondo LLC still in business?" A: "I don't think so. I'm not sure." Q: "With respect to any period of time, are you aware of any assets that Profondo LLC has ever owned?" A: "Any assets . . . I'm not 100 percent sure to answer that, so I don't want to guess.").

[53] *A.C. Shaw Const., Inc. v. Washoe Cnty.*, 784 P.2d 9, 10 (1989).

9

denied, damages may be awarded against the party who does not act in good faith."[54]  If "genuine issues of material fact exist" as to whether a party breached the underlying contract, summary judgment on an implied-covenant claim is inappropriate.[55]  Here, neither party has identified undisputed facts showing that a valid contract exists between the parties, much less resolving the issue of Alessi's alleged breach.  So I cannot grant summary judgment for either side on James's implied-covenant claim.

### D.   Fraudulent inducement and fraudulent misrepresentation

James asserts causes of action for fraudulent inducement to contract and fraudulent misrepresentation.  Under Nevada law, the elements of these claims are largely identical, requiring "clear and convincing" evidence of (1) a false representation made by defendant; (2) defendant's knowledge or belief that its representation was false or that defendant had an insufficient basis of information for making the representation, (3) defendant's intention to induce plaintiff to act or refrain from acting upon the misrepresentation, and (4) damage to the plaintiff because of reliance on defendant's misrepresentation.[56]  A fraudulent-inducement claim also requires plaintiff to prove "justifiable reliance" on defendant's misrepresentation.[57]  In opposing James's motion and supporting his own, Alessi makes two arguments.  He states that James's evidence of fraud contradicts the express terms of their contract and thus cannot be

---

[54] *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 924 (Nev. 1991); *see also Abbott v. Okoye*, 460 Fed. Appx. 678, 679 (9th Cir. 2011).

[55] *Consol. Generator-Nev., Inc.*, 971 P.2d at 1312.

[56] *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004) (reciting the elements of a fraudulent inducement claim) (noting that element three states "[defendants'] intention to therewith induce [plaintiff] to consent to the contract's formation"); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382 (Nev. 1998) (reciting the elements of a fraudulent misrepresentation claim).

[57] *J.A. Jones*, 89 P.3d at 1018.

considered as a matter of law. He also claims that questions of fact remain about his allegedly fraudulent statement, his intentions, and James's justifiable reliance. Neither argument is well taken.

### 1. The fraud alleged by James does not contradict the stipulation.

Alessi suggests that "Nevada law precludes assertions of fraud when the alleged misrepresentation is contradicted by the parties' bargained-for terms."[58] While Alessi correctly presents the law, his application is flawed. James states that Alessi misrepresented his ability and willingness to provide a security interest in 9512 West Flamingo Road. Alessi asserts that this misrepresentation is contradicted by the stipulation's express provision that "Plaintiff will also be granted a first priority security interest in the form of a deed of trust against certain real property identified as 9512 West Flamingo Road."[59] But the alleged fraud does not contradict that term of the stipulation. As I explained earlier, the stipulation says nothing about who will provide the security interest or who offered to provide the security interest in the first place.[60] Thus, the stipulation does not bar evidence that Alessi fraudulently promised a property he could not deliver.

Alessi's cited cases illustrate this point.[61] In *Road Highway Builders v. Northern Nevada Rebar*, for example, the Nevada Supreme Court considered whether Northern Nevada Rebar (NNR) could assert a fraudulent-inducement claim to rescind its contract with Road & Highway

---

[58] ECF No. 46 at 11 (citing *Road & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 380 (2012)).

[59] *Id.* at 12.

[60] *See supra* Section B.

[61] ECF No. 46 at 11–12. Alessi also cites my decision in *Magpiong v. Superdry Retail LLC*, 304 F. Supp. 3d 983, 988–89 (D. Nev. 2018), which underscores why summary judgment in his favor on James's fraud claims is unwarranted. There, as here, I reasoned that defendants' allegedly fraudulent statement "does not conflict with any express term" of the agreement. *Id.* at 989.

11

Builders (R&H).[62] The contract at issue required NNR to furnish 2.7 million pounds of rebar for the project, but authorized R&H to "make any change" to the order during the course of construction.[63] When R&H required less rebar than it contracted to receive, NNR sued, asserting that R&H fraudulently promised to purchase 2.7 million pounds of rebar in order to induce NNR to sign the contract.[64] In declining to find in favor of NNR, the Court explained that the allegedly fraudulent promise to purchase 2.7 million pounds of rebar contradicts the contract's express provision permitting R&H to reduce the amount of rebar it needed from NNR and failed as a matter of law.[65] Unlike in *Road Highway*, Alessi's allegedly fraudulent promise to deliver a security interest in 9512 West Flamingo Road does not contradict the stipulation's express terms, which are silent as to who would deliver the deed. So James is not precluded from raising a fraudulent-inducement claim on this basis.

### 2. No disputes of material fact preclude summary judgment in James's favor on her fraud claims.

James submits considerable evidence that Alessi fraudulently misrepresented his ability to provide a security interest for 9512 West Flamingo Road in exchange for a stay of the judgment proceedings. Relying primarily on an affidavit submitted by Alessi in the proceeding before Judge Hicks, James points out that Alessi admits he personally pledged the property as a security interest.[66] He also testified to doing so before discussing the deal with his sister, who

---

[62] *Road & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 380 (2012).

[63] *Id.* at 379.

[64] *Id.* at 379–80.

[65] *Id.* at 391.

[66] ECF No. 42 at 37 ("I reached a tentative agreement to pledge this parcel of real property as security against the judgment that Plaintiff obtained against Alessi & Koenig."); *see also* ECF No. 46 at 14 ("Alessi suggested that Profondo could pledge its property").

12

Alessi now claims had the exclusive authority to encumber the land.[67] It is thus immaterial, for the fraud-based claims, whether he could or could not *actually* pledge the property because he induced James to sign the agreement for the property without a sufficient basis to make the representation.[68] And there is no doubt that the security interest was offered to keep James from enforcing her judgment by signing the agreement[69] or that the failure to deliver the land has damaged James.[70]

Alessi does not contradict any of these facts with specific citations to the record and instead broadly asserts that the record is "replete" with "disputed facts about Alessi's knowledge and intent."[71] What specific facts Alessi believes are disputed is anyone's guess.[72] The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[73] Where, as here, a plaintiff establishes the absence of a genuine issue of fact on each issue material to its case, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."[74] The movant

---

[67] ECF No. 42 at 37–38 ("It is this tentative agreement [that] formed the basis of the stipulation that was filed by the parties and signed by this Court . . . . When I learned that the Flamingo Property would not be available to use as security, I informed Plaintiff's counsel . . . on or about February 8, 2016.").

[68] *Id.*

[69] *Id.* at 37.

[70] No party disputes this fact.

[71] ECF No. 46 at 13.

[72] Alessi's failure to provide this information violates Local Rule 56-1, which requires motions for summary judgment to "include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies."

[73] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[74] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (citation omitted).

need only defeat one element of the claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[75]

Alessi's motion does not meet this standard. The two sentences purporting to rebut James's lengthy arguments and citations to the factual record are entirely devoid of legal authority or facts.[76] Instead, Alessi appends eight general citations to these sentences, implying that I should dig through the voluminous filings in this matter to find facts that might generate material disputes on his behalf.[77] But "[j]udges are not like pigs, hunting for truffles buried in briefs,"[78] so I decline that tacit request. Because Alessi has failed to sustain his burden under Federal Rule 56, I grant James's motion for summary judgment on her fraudulent misrepresentation and fraudulent inducement claims.

**E.      Alessi's affirmative defenses**

Finally, James moves for summary judgment on a number of Alessi's affirmative defenses.[79] Alessi does not defend five of these defenses in his opposition,[80] so I grant James's motion with respect to affirmative defenses two (failure to mitigate damages), three (statute of

---

[75] *Celotex*, 477 U.S. at 322.

[76] *See, e.g.*, ECF No. 46 at 13 ("The record is replete with disputed facts about Alessi's knowledge and intent. (Prior Action ECF No. 237); (ECF No. 25); (ECF No. 32); (ECF No. 33); (ECF No. 36); (ECF No. 37); (ECF No. 42).").

[77] *Id.* I am particularly perplexed by Alessi's citation to his own motion for summary judgment, wherein he cites no facts whatsoever regarding James's fraud-based claims, *see* ECF No. 32 at 10–13, as well as to James's amended complaint, which asserts no exculpatory facts on Alessi's behalf, *see* ECF No. 25.

[78] *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 930 (9th Cir. 2003); *see also In Re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010).

[79] ECF No. 42 at 15–19.

[80] ECF No. 46 at 14–16.

limitations), five (plaintiff's acts or omissions), seven (Article III standing), and eight (release, contract provision, waiver, unclean hands, laches, estoppel, and/or res judicata). I deny James's motion as to Alessi's remaining defenses.

### Conclusion

IT IS THEREFORE ORDERED that James's motion for summary judgment **[ECF No. 42] is GRANTED in part and DENIED in part.** Summary judgment is granted on James's fraudulent inducement and fraudulent misrepresentation claims, as well Alessi's second, third, fifth, seventh, and eighth affirmative defenses. Summary judgment is partially granted on James's breach of contract claim: Alessi is a party to the agreement and Judge Hicks's order did not rescind the agreement or moot James's claims. Summary judgment is denied on James's breach of the implied covenant of good faith and fair dealing claims, and Alessi's first, fourth, sixth, and ninth affirmative defenses. Alessi's motion for summary judgment **[ECF No. 32] is DENIED.**

IT IS FURTHER ORDERED that this case is REFERRED to the magistrate judge for a MANDATORY SETTLEMENT CONFERENCE. The parties' obligation to file their joint pretrial order is **STAYED until 10 days after that settlement conference.**

_____
U.S. District Judge Jennifer A. Dorsey
September 24, 2020